

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00089-CV
_____

MARLENE W. MITCHELL, Appellant

V.

WILMINGTON SAVINGS FUNDS SOCIETY, FSB, D/B/A CHRISTIANA TRUST
AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES
TRUST III, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2017-005148-1

---

Before Sudderth, C.J.; Kerr and Pittman, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

### I. Introduction

Pro se Appellant Marlene W. Mitchell appeals the county court at law's judgment awarding possession of 1402 Cliffwood Road, Euless, Texas, 76040 (the property), and court costs to Appellee Wilmington Savings Funds Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III (Wilmington-RCOT). We affirm.

### II. Background

On February 24, 2016, the 48th District Court of Tarrant County issued a judicial foreclosure judgment allowing Wilmington Savings Fund Society, FSB d/b/a Christiana Trust as trustee of the American Mortgage Investment Partners Fund I Trust (Wilmington-AMI) to foreclose on the property.[1] Mitchell did not appeal this judgment.

---

[1]In 2007, Mitchell signed a deed of trust granting a security interest in the property to World Savings Bank, FSB, and its "successors and/or assignees." The deed of trust provided that if Mitchell did not make her monthly payment on the loan that was secured by the deed of trust, the lender could accelerate the debt and, if unpaid, invoke the power of sale "as may be permitted by court order," after which Mitchell would have to immediately surrender possession of the property or become "a tenant at sufferance" who could be removed by writ of possession.

In 2012, Wells Fargo, N.A., which had become the successor by merger to Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB, assigned the deed of trust to U.S. Bank National Association, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-9. In January 2014, U.S. Bank National Association, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-9, assigned the deed of trust to Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2013-4.

More than a half a year later, on September 6, 2016, the property was sold pursuant to the judicial foreclosure judgment to Wilmington-RCOT, which received a constable's deed. Wilmington-RCOT then issued a "Notice to Vacate and Demand for Possession," informing Mitchell that if she did not vacate the property, it would file suit to evict her. Mitchell did not vacate the property. Wilmington-RCOT filed a sworn complaint for eviction in justice court, and Mitchell answered, denying that she owed anything because she had no contract with Wilmington-RCOT.

Almost a year after the property's sale to Wilmington-RCOT,[2] the justice court decreed that Wilmington-RCOT was entitled to recover possession of the premises. *See Mitchell*, 2018 WL 4626396, at *1. Mitchell appealed to the county court at law. *Id.* A few days later, Wilmington-RCOT filed its business records affidavit and trial exhibits.

On February 2, 2018, the county court at law held a pretrial hearing and attempted to explain to Mitchell that if Wilmington-RCOT established at trial that it had the appearance of title and had given notice as required by the property code, it

Ten months later, Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2013-4, assigned the deed of trust to Kirkland Financial LLC. In November 2014, Kirkland Financial LLC assigned the deed of trust to Wilmington-AMI.

[2]Although the eviction suit was filed in November 2016, it was not tried until August 2017 because Mitchell filed two bankruptcy petitions in rapid succession and then removed the eviction case to federal court. *See Mitchell v. Wilmington Sav. Funds Soc'y, FSB*, No. 02-18-00089-CV, 2018 WL 4626396, at *1 (Tex. App.—Fort Worth Sept. 27, 2018, no pet.) (mem. op. on mot. for review of supersedeas order).

3

would be entitled to judgment of possession as a matter of law, that possession was the only issue in the case, and that she could not collaterally attack the foreclosure judgment in this case because the county court at law's jurisdiction was only over possession and not determination of title.

Three days later, the county court at law again tried to explain to Mitchell that she was not there "to argue the chain of title" and that the forcible detainer action was not the proper forum to attack the foreclosure judgment. It then heard the case de novo and rendered a judgment of possession and for court costs for Wilmington-RCOT after admitting into evidence, without any objection from Mitchell at trial, copies of the foreclosure judgment, the constable's deed, the notice to vacate and demand for possession, the deed of trust that placed the lien on the property, and the various assignments of the deed of trust, all sponsored by a business records affidavit filed by Wilmington-RCOT. *See id.*

As pertinent to this appeal, on the morning of trial, Wilmington-RCOT's attorney objected to Mitchell's twelve exhibits,[3] which she described as "[t]he chain of information that chases the chain of title from the property from the beginning."

---

[3]Mitchell also filed several documents before trial, including a motion for continuance on the morning of trial in which she asserted that her "written offers to discharge any alleged debt associated with this case" had been "verbally rejected on the grounds that Plaintiff believes the offers to 'not be worth the paper they are written on.'"

Mitchell's "Defendant's List of Exhibits," however, only set out ten, not twelve, items:

(1) "Chain of Information about 1402 Cliffwood Rd., Euless, TX";

(2) "Notice of Offer of Tender August 31, 2017";

(3) "Notice of Remittance Package September 11, 2017";

(4) "Defendant's Answer to Plaintiff's Affidavit September 29, 2017";

(5) "Motion for Production of Evidence September 29, 2017";

(6) "Notice of Indemnification of Case November 16, 2017";

(7) "Motion for Correction of the Record filed on December 11, 2017";

(8) "Request for Affirmative Relief filed January 19, 2018";

(9) "Defendant's Affidavit of All Rights Reserved January 22, 2018";

(10) "Motion to Resolve Dispute January 30, 2018."

Wilmington-RCOT objected to relevance on Mitchell's first, second, third, fourth, and ninth exhibits. *See* Tex. R. Evid. 401 (stating that evidence is relevant if it has a tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence). It also objected to Mitchell's first exhibit on the basis of hearsay. *See* Tex. R. Evid. 801 (defining hearsay as an out-of-court statement offered to prove the truth of the matter asserted therein), 802 (stating that hearsay is not admissible unless a statute, the rules of evidence, or other rules prescribed under statutory authority provide otherwise).

5

Wilmington-RCOT objected on the basis of rule of evidence 408 to Mitchell's second and third exhibits. *See* Tex. R. Evid. 408(a) (providing that evidence that a party furnished, promised, or offered—or accepted, promised to accept, or offered to accept—a settlement offer and evidence of conduct or statements made during settlement negotiations "is not admissible either to prove or disprove the validity or amount of a disputed claim"). The trial court added Mitchell's sixth, eighth, and tenth exhibits to the rule 408 category. *See id.*

Wilmington-RCOT also objected to Mitchell's fourth and ninth exhibits, arguing that they were conclusory, would confuse the issues, and would go into issues that had no relation to immediate possession or were unfairly prejudicial. The trial court sustained all of Wilmington-RCOT's objections.

The trial court also declined to admit Mitchell's fifth exhibit because it was a motion and declined to admit her seventh exhibit because it was "attacking the record of title." It did not state why Mitchell's eleventh exhibit was not admitted. It did not admit Mitchell's twelfth exhibit, which she said was "to show possession," because Wilmington-RCOT stipulated that she was in possession of the property. Mitchell then asked the trial court, "So in essence you have eliminated all my evidence?" When the trial court indicated that it had, Mitchell responded, "Of course, I object to that," but she did not make an offer of proof. *Cf.* Tex. R. App. P. 33.1(a)(1)(B); Tex. R. Evid. 103(a)(2). While her "Defendant's List of Exhibits," listing ten of the twelve

6

items she attempted to offer into evidence, was filed in the clerk's record, only nine of

the items were filed in the clerk's record.

After a brief, off-the-record discussion, Mitchell waived her jury. When the

trial court denied Mitchell's motion for continuance and asked her if she had anything

else she wanted to say, Mitchell replied:

> Well, what I wanted to say, I am here by special appearance.[4] I came to resolve and discharge the debt.[5] My exhibits were integral to me putting on a defense, and I feel that I have been denied my remedy.
>
> You've been polite about it and all that. But if my evidence is not allowed to come forward and I'm not allowed to explain the law behind the things that have happened or the facts, or if the Plaintiff is not required to bring forth any kind of documentation that . . . Wilmington is indeed the holder in due course[6] of the right to foreclosure, then I have not been able to have a remedy here.

---

[4]Based upon the record before us, Mitchell appears to have been mistaken in this assertion. A "special appearance" is the manner by which a defendant may object to the court's jurisdiction over her person or property "on the ground that such party or property is not amenable to process issued by the courts of this State." Tex. R. Civ. P. 120a(1). A special appearance must be filed prior to any other plea, pleading, or motion. *Id*. Mitchell never filed a special appearance in this case; she filed an answer in the justice court on August 24, 2017, and an answer in the county court at law on September 29, 2017.

[5]Again, Mitchell appears to have been mistaken as to the scope of an eviction proceeding. An eviction suit involves recovering the possession of property under property code chapter 24, not the resolution or discharge of liens on the property. *See* Tex. R. Civ. P. 510.1–.13 ("Eviction Cases"); *see generally* Tex. Prop. Code Ann. §§ 24.001–.011 (West 2014 & Supp. 2018) ("Forcible Entry and Detainer").

[6]A "holder in due course" is a transactional term of art that appears to have no applicability to the facts here. A holder of a negotiable instrument becomes a "holder in due course" when it takes the instrument for value; in good faith; and without notice that it was overdue, dishonored, had an uncured default, contained an unauthorized signature or alteration, had claims to it, or that any party had a defense

7

## III. Discussion

Mitchell argues that critical evidence was excluded at trial that would have changed the case's ultimate outcome and that "trying to make [this case] only about forcible detainer is a grave misunderstanding."[7] We agree that a grave misunderstanding of the law is present in this case, but the misunderstanding appears to be entirely Mitchell's. She acknowledges that she was informed at trial that the only issue before the county court in the forcible detainer action was possession. And the trial court was entirely correct in so limiting the parameters of the proceeding. *See* Tex. R. Civ. P. 510.3(e); *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) ("The only issue in a forcible detainer action is the right to actual possession of the premises.").

---

or claim in recoupment, and the negotiable instrument, when issued or negotiated to the holder, does not bear apparent evidence of forgery or alteration or was not otherwise so irregular or incomplete as to call into question its authenticity. *See* Tex. Bus. & Com. Code Ann. §§ 3.302, .305, .306 (West 2002 & Supp. 2018). As the property was sold directly to Wilmington-RCOT pursuant to the judicial foreclosure judgment, there is no "holder in due course" issue under these facts.

[7]Mitchell argues that Wilmington-RCOT had no standing; however, pursuant to the constable's deed, it had standing to bring its forcible detainer action. *See* Tex. R. Civ. P. 510.1, 510.3. Her remaining arguments—that Wilmington-RCOT is not the holder of a legitimate debt, that Wilmington-RCOT is not a holder in due course, that she has no contractual relationship with Wilmington-RCOT, that Wilmington-RCOT has no right of foreclosure, that Wilmington-RCOT has received instruments that would have discharged her alleged debt, and that her alleged debt was discharged when she made an "offer of tender" under Uniform Commercial Code 3-603—are not issues in a forcible detainer case. *See* Tex. R. Civ. P. 510.3(e) (stating that the only issue in a forcible detainer is the right to actual possession of the property).

We review a trial court's evidentiary rulings for an abuse of discretion. *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

But before we consider whether an abuse of discretion has occurred, the error must be preserved for our review. *See* Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(2). No amount of inapplicable legal principles or misused legal jargon can overcome the threshold requirement that error, if any, must be preserved. And, at the end of the day, Mitchell failed to make the required offer of proof at trial necessary to preserve her evidentiary complaints.

Moreover, even if we could consider the nine items that were filed in the clerk's record, Mitchell has not challenged any of the legal bases upon which the trial court sustained Wilmington-RCOT's objections or explained how the trial court abused its discretion under the applicable rules of civil procedure and evidence. *See* Tex. R. App. P. 38.1(i); *see also Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *5 & n.11 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op.) (explaining that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules to ensure fairness in the treatment of all litigants through the use of a single set of rules and observing that pro se litigants are hampered by their lack of

9

legal education or training, which tends to lead them into critical mistakes of form and substance). Accordingly, we overrule Mitchell's issues.

## IV. Conclusion

Having overruled Mitchell's issues, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: January 10, 2019